24-3009 Leonard v. HMG Park Manor. Mr. Steele, you may proceed. Good morning, Your Honors. My name is Jonathan Steele, and I represent the appellant, Kena Leonard, in this case. The District Court's grant of summary judgment here needs to be reversed, because it is one of the very rare cases where the District Court excluded expert testimony without providing notice to either side that it was going to consider the admissibility of the expert, let alone consider excluding the expert, and that the District Court ... Even if they had included the expert, there would be no connection between the facts as set forth and the expert's testimony. If the expert had testified that the staffing was totally wrong and you needed six people on a floor to help move people, this guy said that he was walking fast down the hall by himself when he fell down. So there's no ... Unless the expert was going to say that a patient cannot be permitted to get out of his room or out of his bed by himself, then there might have been a connection, but the loop is not closed. Well, there's two versions of the story, Your Honor, one being that Mr. Doherty told EMS personnel that he was running down the hall. The District Court itself, in a footnote, actually rejected that version of the story, saying that Mr. Doherty then at the hospital was talking about his deceased wife, and for that reason, that version of the story should be discounted. There is lots of evidence in the record about Mr. Doherty's daughter providing testimony, that she received a phone call from nursing staff that said Mr. Doherty was dropped while one person was transferring him. Was that directed to the attention of the District Court during the summary judgment proceedings? No, Your Honor, because the summary judgment proceedings, there was the only issue regarding expert testimony that was raised by the defendants at summary judgment. Well, first off, let's back up. There was a summary judgment deadline and a Dowert deadline. There were no Dowert motions filed. There's a summary judgment motion filed, and the only issue raised by the defendants in that summary judgment motion was a legal question of whether a nurse can testify regarding one version of causation, whether a nurse can testify that the violations of the nursing standard of care caused the resident to hit the ground. That was the only question presented to the District Court at summary judgment regarding nurse TASA's expert testimony. I'll turn to Judge Kelly in a second. They weren't arguing lack of causation in general, lack of evidence of causation? Wasn't that the ground? So, Your Honor, the headings in the defendants' motions for summary judgment talk about lack of causation. The substance of their actual arguments do not. Nowhere in their briefs do they cite to Dowert, Rule 702, Kumho, or anywhere else. You don't get to Dowert until you get a connection, and you mentioned the telephone call from somebody to the daughter. That was never followed up. There was no evidence in the record from the nurse who supposedly made that call, which is hearsay at that point, to tie it to what actually happened. She said, I don't know what happened. I just have to read the notes that the nurse made, and it was not said in there that he was being lifted from one place to another. If it did, I think you'd have a good shot at it. Well, Your Honor, Nurse Tosh is entitled to rely upon hearsay as an expert witness, and the— You didn't have an affidavit from the person that made the call? Did you have an affidavit from the daughter? Well, the daughter provided that testimony in her deposition, and none of this was presented to the district court. You're saying the district court didn't handle things right because it made Dowert rulings without notice. I don't see this as a Dowert issue. The court was saying, as I understand it, this woman's an expert. Everything she said, she can say as an expert, but there's no causal connection shown between what the expert says were the failings of the nursing home and the accident here. That's a causation issue that has nothing to do with Dowert or whether the expert was qualified as an expert to testify on these things. That's saying, even with this evidence, you haven't shown causation. And you might have had a better shot at it, would have had a better shot at it, if you raised as one fact showing causation that the plaintiff, the decedent, was being lifted at the time of the accident. But there was nothing—that factual issue was never presented to the district court during the summary judgment proceedings. And the district court cannot be expected to search the record to find out everything that might be there to suggest summary judgment is improper. That, to me, is the gist of it. So now tell me what I'm missing. Well, in the pretrial order, Your Honor, the pretrial order in the District of Kansas supersedes all the pleadings. And it outlines all of the allegations that are being made in the case. And in the pretrial order on page 220 is where it starts in volume one of the appendix. On page 231, it talks about Nurse Dika as one of the plaintiff's factual contentions, dropping the decedent, and then under the actual claims being put forth is that the nursing home failed to ensure that Mr. Dowerty was safely transferred from one place to another. The expert is entitled to rely upon the deposition testimony of the daughter as hearsay testimony in coming up with her conclusions that the nursing home failed to complete a comprehensive care plan that directed nursing staff to know that Mr. Dowerty required a two-person transfer. But did the expert testimony say that the decedent's accident was caused by these failings? Absolutely it did. In her deposition, she says multiple times. Go ahead. In her deposition, she says multiple times, and it's cited in her brief. Without explaining it, does she say because he was dropped while being moved, we can attribute that accident to the failure to have certain safeguards on carrying people? Did she ever say that? What she did say is that her opinions were applicable whether or not Mr. Dowerty was dropped or whether he was hit the ground in some other mechanism. She said that. That's in her testimony. That's in her testimony. And that's testimony that was presented in opposition to the motion for summary judgment. The motion for summary judgment, Your Honor, was only asking the court for a ruling about whether or not a nurse was qualified. A nurse, not even nurse talk. Well, undisputed fact number 33 stated that the plaintiff's expert was only designated to provide causation. And I couldn't find where the connection was as to based on what the nurse said actually happened. So are you referencing Dr. Kirby, who was the medical doctor who was only designated on causation? No. Your undisputed fact number 33 was that the plaintiff's expert was only designated to provide causation. Do you think that was Dr. Kirby that was being referred to? I would believe so because that was the only testimony that Dr. Kirby provided was the injuries that derived from Mr. Dowerty hitting the ground. The district court on its own brought up the fact that Nurse Tosh was only designated to render opinions regarding the standard of care and the deviations from the standard of care. I agree that a nurse under Kansas law is not allowed to opine that a fall caused a hip fracture in somebody's death. And that was one of the issues that the defendants brought up in summary judgment as their causal argument was that a nurse can't opine that. Nurse Tosh never opined that. Nurse Tosh said the deviations from the standard of care caused Mr. Dowerty to hit the ground. Dr. Kirby, the medical physician, then comes in to close the causal link. Your Honor, I would respectfully disagree that it's the defendant's burden to raise the issues they want to raise on summary judgment. And the causal issues that they raised were only that of whether or not a nurse was legally qualified to testify about whether the deviations caused Mr. Dowerty to hit the ground. Not about causation on its whole. I mean, they said there was no causal evidence, but in their actual... She said she could only look at the notes that the nurse made, and no nurse said that he was being lifted and we dropped him. That was a hearsay phone call by the daughter, and it was never, never backed up by depositions or affidavits. It wasn't... That particular issue wasn't raised in summary judgment, and so there was no affidavits that would have been necessary. Sure it was raised. Pleadings, answers, everything on file, and the judge saw no connection. There was a break in the connection there. So Nurse Tosh, in her report and in her deposition, says that there's evidence from the daughter that Mr. Tosh was dropped by a nurse. The daughter said that in her deposition. Nurse Tosh was entitled to rely upon that in her deposition. The question you're talking about when she says, I can't tell you exactly what the circumstances are regarding Mr. Doherty's fall, was in response to a question saying, do you know exactly how Mr. Doherty fell? And she said, no, I don't. I can only rely upon what's in the records, but I can tell you that my opinions don't change whether he was dropped or whether he got up and ran across the room and fell. Well, she was a staffing expert, so her opinion wouldn't change. She was not a staffing expert, Your Honor. But you've got to show something other than you showed how that accident happened. Or you didn't do it. I would respectfully disagree with that, Your Honor. Nurse Tosh, this is exactly the case. Judge Rattle made a reliability determination as to Nurse Tosh's testimony. Well, but why is that error? We have said that in the context of evaluating expert testimony, the district court has wide discretion as to how they go about that analysis, but no discretion as to whether they do it at all. So here, when the court is faced with a motion for summary judgment, wherein they can look to the record overall to determine whether judgment is warranted for one party, why would the court then be acting erroneously to say, well, part of what I'm evaluating are these experts, so I'm going to look to see whether I think they're reliable? Why was that error? The court committed error because this case stands on all fours with the Procter & Gamble case that Judge Kelly was a part of that panel of. In that case, it was a sanctions motion, and it was not regarding the admissibility of certain expert testimony. And just like in Procter & Gamble here, we had no briefing regarding reliability. Sorry, but you said that was a sanctions motion? I believe that was a sanctions issue. I could be mistaken, but it was not. There was no briefing regarding reliability. The court sided to that. There was no request from the defendants to make a double determination. That's exactly what happened here as well. There was no—the court was not presented with expert reports or depositions. Here, the district court had to go get the expert reports themselves. But according to the court's opinion, there's no reference to her deposition at all, which under many cases, the expert is entitled to expand upon the opinions that are contained in their expert report. And there was no expert testimony that the district court ruled upon. So if you look at Dodge, Your Honor, Dodge says that one of the district court's obligations as a gatekeeper is to develop a record so that they can carefully and meticulously determine whether or not the expert testimony is admissible. And this court has said the reason that that is a requirement is so we can determine then whether or not the district court applied the law appropriately to the expert testimony. And there's no evidence here that the single paragraph that Judge Rattle gave to this issue, that she carefully and meticulously reviewed the proffered expert testimony because in no way, shape, or form does it reflect any review or even acknowledgement that Nurse Tasha's deposition existed. And that's because it was not put forth in the summary judgment motion. I'm out of time, Your Honors, and I appreciate it. Ms. Baxter, just take your time. May it please the court, I'm McKenzie Baxter on behalf of the appellee defendants. The district court's decision sustaining defendant's motion for summary judgment should be affirmed. Here, the district court refused to allow a witness, expert, or jury to speculate about the circumstances of Mr. Doherty's fall. This case does not turn on expert testimony, but rather a lack of evidence about the reasons and circumstances for Mr. Doherty's fall. The court reviewed the plaintiff's expert reports in their entirety, the depositions of Ms. Tashi, the pretrial conference order, and found a lack of connection between Ms. Tashi's criticisms of the defendants and the unknown circumstances of Mr. Doherty's fall. There was not unfair surprise to plaintiffs on these issues or a lack of an adequate record for the court. The district court properly considered the lack of causation evidence presented in its entirety in response to the issues being raised within the summary judgment motion and briefing by all parties. What about the comment by the daughter about that he was dropped while being transferred from one chair to another? Here, the court looked at various versions of events, from where Mr. Doherty told the hospital that he was walking down the hall full speed to the nurse's documentation and Nurse Tashi's expert report, which references that very version of events. Whether it is version one through five, the pieces as to causation in the negligence chain are missing. So you acknowledge that the expert's report referred to the daughter's statement that a nurse told her that the decedent fell while being transported. That was presented to the district court at the time of the summary judgment proceeding. I will acknowledge that it was referenced within Ms. Tashi's report. However, Ms. Tashi did not rely on that version of events to reach her opinion. She specifically testified she did not know what happened with regard to the fall. I didn't say he, Mr. Doherty, was being transferred at that time. No. And most importantly, we have no idea. This is important to also note that what was referenced within Ms. Tashi's report was the statement that Ms. Leonard was told by nursing staff that, quote, they were transferring him from one chair to another when they dropped him. This is not the same statement as one individual, specifically Nurse Ditka, performing that action. It requires speculation. Isn't that getting into weighing the evidence where here at a summary judgment stage, if we're to interpret the evidence in a light most favorable to the plaintiff, why isn't there a genuine issue of material fact as to why Mr. Doherty fell? The court took up this very issue in describing where, regardless of the version of events, there is a lack of causation and evidence to support a link. And the court specifically said. Well, but let's say that the statement that the daughter received from someone at the staff, let's just assume that's accurate and that's true. She says it was during a transfer and they essentially dropped Mr. Doherty and that led to the fracture. Does that fill that gap so that then, at least for purposes of surviving summary judgment, a jury can look then towards causation by using expert testimony? No. In this situation, the court explained that the deviations of the standard of care, specifically the staffing, the failure to implement a comprehensive care plan, it didn't have a causal link to Mr. Doherty's fall. Well, if she had testified that you needed at least two people to move somebody and she was an expert and if the evidence showed that nobody tried to help him, would that be sufficient? In this situation, there are not facts to support how the fall occurred in as much as whether it's zero individuals assisting in his fall or two individuals, which was the amount of individuals on the floor at the time of Mr. Doherty's fall. Nurse Skitka and Ms. Mercado as referenced, whether it's two or ten individuals on the floor, that doesn't mean that the fall would have been prevented just because there are more individuals when we don't know the circumstances of the fall. But the district court's order, the line that jumps out at me and I think was highlighted in the briefings, Judge Rattles said the record is totally devoid of evidence about how Doherty fell or why. But is that true? Because I think we have two versions of how he fell and why. And really this comes down to whether or not one of them is more credible than the other. And if that's true, then why does this factual dispute warrant summary judgment? I don't think that the fall, how that fall occurred is explained by the different versions of events in as much as Mr. Doherty testified that he fell while walking down the hall. A fall in and of itself is not negligent. Dropping an individual in and of itself is not negligent. It requires support, factual support, to reach the bridge between the fall and the deviations in the standard of care. Here we're missing that link. At the time, if this matter were even to proceed to trial, we would continue to miss that link because an expert, counsel's testimony, or fact witnesses cannot describe or fill that causation gap. What was argued in the motion for summary judgment? The lack of causation. Well, opposing counsel said the only issue was the admissibility of the nurse's expert testimony. I respectfully disagree. Tell me what was raised. Within the motion, it was specifically briefed that this court was to consider the issue of proximate cause. It was raised as to both of plaintiffs' experts. There are two proximate causes that are at issue here, as I gather. One is whether the fall ultimately caused his death. And second, whether the alleged deviations from standard of care caused the fall. Was the motion for summary judgment addressed to both causation issues? It was to the latter. Specifically, I noted, plaintiffs cannot show sufficient evidence of negligence in support of the requirement of causation between Mr. Doherty's injury and a lack of documentation on fall-related interventions and precautions. That's within the appendix on page 256-263, 274-277, describing both the law and the analysis of those facts. The law regarding causation was cited on appendix page 274. Support for the arguments as to both Dr. Kirby and Nurse Tosche being unable to, quote, causally connect the dots between the documentation and fall preventions or interventions and Mr. Doherty's fall was raised for the court's consideration. Was there an argument that the standard of care was violated because things weren't documented? And you were saying the failure to document has not been causally connected to the fall. Is that what your argument was? Because it sounds like that was the argument, but the argument that we've been focusing on here is not the failure to document, but other failure to provide additional assistance to the deceased, you know, in bed, to help them get out, whatever. Things like that and the fall, not just the documentation. Was there any discussion of those other? That's with regard to the fall precautions and interventions. Documentation and fall precautions and interventions. Ms. Ditka specifically testified that she did not need any kind of documentation to tell her to perform fall precautions or interventions as such were part of her custom and habit. This was an uncontested fact within the motion for summary judgment. Uncontested fact number 34, appendix page 262. As well as noting that any staffing argument would be extremely speculative. When Ms. Ditka and Ms. Mercado were likely involved in care to Mr. Daugherty as they worked that unit or hall based on the uncontested facts, the uncontested staffing sheets on appendix 318 through 323 from April 9th through April 17th, it is uncontested that Mr. Daugherty had no falls. The district court notes that a failure to prevent an accident or fall is not sufficient to find liability. Plaintiffs experts acknowledge that not every fall is avoidable or preventable. It requires careful consideration of the facts involved in the fall and the causal link to the standard of care violations. Remanding this case for an evidentiary hearing on this issue would not be helpful to the court. The parties and the court know from review of the information presented, the material facts, and there is no issue for the district court to reconsider. If the court allows plaintiffs to bridge gaps in fact with speculation from fact, expert, or counsel, then the court is imposing strict liability in negligence cases. It is axiomatic that an expert, no matter how good her credentials, is not permitted to speculate. When a matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendants. Do you have any other questions? Thank you, counsel. Thank you. For these reasons, we request that the court affirm the district court's decision. Thank you. Case is submitted.